UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DEWITT MCDOWELL,<br><br>   Plaintiff,<br><br>   v.<br><br>R. FLORES, et al.,<br><br>   Defendants. | Case No. 1:21-cv-01710-BAK (HBK) (PC)<br><br>**ORDER FOLLOWING PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY MOTION TO PROCEED *IN FORMA PAUPERIS* SHOULD NOT BE DENIED**<br><br>**ORDER DIRECTING PLAINTIFF TO SUBMIT AMENDED AFFIDAVIT OF INDIGENCE AND UPDATED ACCOUNTING**<br><br>**45-DAY DEADLINE**<br><br>(Doc. No. 7) |

Plaintiff Jonathan Dewitt McDowell ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action. On December 27, 2021, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Doc. No. 4.) According to the certified account statement attached to his motion, Plaintiff had $1,595.36 in his inmate trust account as of July 31, 2021 (five months before he filed the instant action) and $1,191.96 as of October 12, 2021, (approximately two months before he filed his motion and this action). (*Id.* at 4.) This was more than enough to pay the $402 filing fee for this action. Plaintiff then withdrew and spent the majority of his available funds. (*See id.*) As a result, on January 13, 2022, the Court issued an Order to Show Cause why the motion to proceed IFP should not be denied. (Doc. No. 6.)

Plaintiff filed a response to the order to show cause on February 7, 2022. (Doc. No. 7.) In his response, Plaintiff does not deny that he had sufficient funds to pay the filing fee on the dates referenced above. (*Id.* at 1.) However, Plaintiff indicates he "sent [the money] home" to help his family during the pandemic as both of his parents are unemployed and receive disability. (*Id.*) Plaintiff states the funds in his account "come from no one who would regularly be putting money into" his account and that while he does receive money from family members from "time to time," those funds are "nothing close" to the stimulus funds[1] deposited. (*Id.* at 2.) Plaintiff indicates he was trying to help his family and further indicates he has "the ability to pay the 10 or 30% that the court" can order be deducted, but that he "will never have that much money again." (*Id.* at 2-3.) Plaintiff concludes that he is "unable to pay" $402 and requests the Court grant his IFP motion. (*Id.* at 3.)

As explained in the order to show cause, proceeding "in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). While a party need not be completely destitute to proceed *in forma pauperis*, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), "'the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar.'" *Doe v. Educ. Enrichment Sys.*, No. 15-cv-2628-MMA-MDD, 2015 U.S. Dist. LEXIS 173063, *2 (S.D. Cal. 2015) (citation omitted). In addition, courts are entitled to consider a plaintiff's "economic choices about how to spend [their] money" when considering applications to proceed IFP. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995).

Here, Plaintiff filed his complaint on December 2, 2021, and submitted an IFP application dated December 12, 2021. (Doc. No. 4 at 2.) The certification of funds attached to his application

---

[1] The undersigned is not aware of any binding precedent that prevents stimulus funds from being included when making an indigency determination. Indeed, to the contrary, other courts in this district have included the funds when making the determination. *See, e.g.*, *Hammler v. Zydus Pharmacy*, No. 1:21-cv-00343-DAD-JLT, 2021 WL 3048380 at *1-2 (E.D. Cal. July 20, 2021) (considering the plaintiff's "economic impact payments" when determining that plaintiff was "financially able to pay the filing fee"); *Corral v. California Highway Patrol*, No. 1:21-cv-00822-DAD-JLT, 2021 WL 2268877, at *1 (E.D. Cal. June 3, 2021) (considering stimulus payments in finding plaintiff not entitled to proceed IFP), *report and recommendation adopted*, 2021 WL 3488309 (E.D. Cal. Aug. 9, 2021).

is dated December 15, 2021, and indicates that "the average deposits each month to this prisoner's account for the most recent 6-month period were $282.50 and the average balance in the prisoner's account each month for the most recent 6-month period was $669.81. (Doc. No. 4 at 3.) The then-current balance of Plaintiff's Inmate Statement Report dated December 15, 2021, was $72.11. (Doc. No. 4 at 4.)

No further action will be taken on the Order to Show Cause following Plaintiff's response. It appears, based on the documentation presently before the court, that Plaintiff should be assessed an initial filing fee of $56.50. 28 U.S.C. § 1915(b)(1). Nevertheless, before ruling on Plaintiff's motion to proceed *in forma pauperis*, Plaintiff will be directed to submit an updated application to proceed *in forma pauperis* within 45 days.

Significantly, the undersigned notes in Plaintiff's original application, filed December 27, 2021, and signed under penalty of perjury, he denied receiving "any money . . . over the last twelve months" from "[a]ny other sources." (Doc. No. 4 at 1, ¶ 3(f).) Plaintiff's answer is plainly inaccurate as evidenced by the Inmate Statement Report attached to the application. (*Id*. at 4.) Plaintiff is admonished that making false statements to the court is sanctionable conduct. He is further cautioned that any future failure to comply with the Federal Rules of Civil Procedure, as well as the court's Local Rules, may subject him to sanctions, including the possibility of dismissal of the action.

Accordingly, IT IS ORDERED that Plaintiff submit the attached application to proceed *in forma pauperis*, properly completed and signed, or, in the alternative, pay the filing fee in full, **within 45 days** of the date of service of this order.

Dated:  March 3, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3