|  |  |
|---|---|
| JONATHAN DEWITT McDOWELL,<br><br>            Plaintiff,<br><br>      v.<br><br>R. FLORES, et al.,<br><br>            Defendants. | Case No. 1:21-cv-01710-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD**<br><br>**Clerk of the Court to Assign District Judge** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Jonathan Dewitt McDowell is a former state prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action.

**I.      INTRODUCTION**

On February 13, 2023, the Court issued its First Screening Order. (Doc. 15.) The Court determined Plaintiff had stated a cognizable claim for excessive force against Defendant Flores and a failure to intervene claim against Defendant Moreno. (*Id*. at 4-7.) It also found Plaintiff had failed to state any other cognizable claim for relief against any other named Defendant. (*Id*.) The Court directed Plaintiff to choose one of three options: (1) to notify the Court he did not wish to file a first amended complaint and was willing to proceed only on his cognizable claims of excessive force against Defendant Flores and failure to intervene against Defendant Moreno in

---

[1] Plaintiff filed a Notice of Change of Address on August 4, 2022, providing a residential street address in Hemet, California.

violation of the Eighth Amendment; *or* (2) to file a first amended complaint curing the deficiencies identified in his complaint; *or* (3) to file a notice of voluntary dismissal. (*Id*. at 8-9.) Plaintiff was to do one of the above within 21 days of service of the order. (*Id*.) More than 21 days have now passed, and Plaintiff has failed to respond to the Court's order in any way.

## II.   DISCUSSION

### A.  Legal Standard

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B.  Analysis

Here, Plaintiff has failed to notify the Court that he does not wish to file a first amended complaint and wishes to proceed only on his cognizable claims of excessive force against Defendant Flores and failure to intervene against Defendant Moreno; nor has Plaintiff filed a first amended complaint or a notice of voluntary dismissal. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second

1   factors—the public's interest in expeditious resolution of litigation and the Court's need to
2   manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

3   The third factor weighs in favor of dismissal since a presumption of injury arises from the
4   occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524
5   (9th Cir. 1976). Here, the Court's First Screening Order issued February 13, 2023. (Doc. 15.) The
6   Court determined Plaintiff's complaint stated a cognizable claim for excessive force against
7   Defendant Flores and a failure to intervene against Defendant Moreno. (*Id*. at 4-7.) However,
8   Plaintiff's complaint failed to state any other cognizable claim for relief against any other named
9   Defendant. (*Id*.) Plaintiff was directed to notify the Court if he did not wish to file a first amended
10  complaint and was willing to proceed only on his cognizable claim of excessive force in violation
11  of the Eighth Amendment against Defendant Flores and failure to intervene against Defendant
12  Moreno, *or* to file a first amended complaint curing the deficiencies identified in his complaint, *or*
13  to file a notice of voluntary dismissal. (*Id*. at 8-9.) Plaintiff has failed file an amended complaint
14  or a notice of voluntary dismissal, nor has Plaintiff notified the Court he wishes to proceed only
15  on his cognizable claims. Plaintiff's inaction amounts to an unreasonable delay in prosecuting this
16  action resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to
17  defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

18  The fourth factor usually weighs against dismissal because public policy favors
19  disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,
20  "this factor lends little support to a party whose responsibility it is to move a case toward
21  disposition on the merits but whose conduct impedes progress in that direction." *In re*
22  *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006)
23  (citation omitted). By failing to notify the Court of an intent to proceed on his claims found
24  cognizable, or to file an amended complaint or a notice of voluntary dismissal, Plaintiff is not
25  moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy
26  favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at
27  1440.
28  //

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. The Court's February 13, 2023 Order expressly warned Plaintiff as follows: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute.**" (Doc. 15 at 9; *see also* Doc. 2 at 1 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued 12/3/21].) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

### III. CONCLUSION AND RECOMMENDATIONS

The Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

For the reasons given above, the undersigned **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 14, 2023**                               _____
                                                          UNITED STATES MAGISTRATE JUDGE